KNAUF FIBER GLASS
GmbH, Petitioner,

v.

The INTERSTATE COMMERCE COM-
MISSION, the United States of
America, Respondents,

The Alton & Southern Railway Co., et
al., Intervening-Respondents.

No. 86–2106.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 18, 1987.

Decided Aug. 31, 1987.

Carl M. Miller, Miller & Miller, New Ha-
ven, Ind., for petitioner.

Laurence H. Schecker, I.C.C., Washing-
ton, D.C., for respondents.

Anne E. Treadway, Philadelphia, Pa., for
intervening-respondents.

Before CUDAHY, FLAUM and
RIPPLE, Circuit Judges.

CUDAHY, Circuit Judge.

The petitioner, Knauf Fiber Glass, GmbH
("Knauf"), filed a complaint with the Inter-
state Commerce Commission (the "ICC")
on April 24, 1984, seeking an order of rep-
arations against twenty named defendant
railroads, intervening respondents here.
The complaint seeks reparations in the
amount of $228,364.70, which Knauf alleg-
es is the amount it was overcharged by the
defendant railroads for 269 shipments
made from November 6, 1978 through De-
cember 11, 1981. Most of the shipments
carried "Knauf Air Duct" or "Knauf Duct
Board," a product whose primary purpose
is to convey cold or hot air from a cooling
or heating source to different parts of a
building. Knauf alleges that the railroads
improperly classified its product as mineral
wool and that the railroads should have
applied the lower rates applicable for build-
ing boards.

An administrative law judge held in fa-
vor of Knauf and ordered a refund of the
overcharges. That decision was reversed,
however, by Division I of the ICC, which
found that the railroads had applied the
appropriate rates. The full ICC denied
Knauf's petition for administrative review
or to reopen, concluding that Division I did
not commit material error. Knauf appeal-
ed directly to this court. The defendant
railroads intervened and argued that juris-
diction properly lies in the appropriate dis-
trict court and not in this court. We agree
with the intervenors and therefore order
this case to be transferred to the United
States District Court for the Southern Dis-
trict of Indiana.

Judicial review of ICC orders is divided
between the district courts and the courts
of appeals, depending on the nature of the
ICC's order. Section 1336 of Title 28 de-

scribes the circumstances in which the district courts have jurisdiction:

> Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, in whole or in part, any order of the Interstate Commerce Commission, and to enjoin or suspend, in whole or in part, any order of the Interstate Commerce Commission for the payment of money or the collection of fines, penalties, and forfeitures.

28 U.S.C. § 1336(a) (1982). Section 2321 of Title 28 describes the jurisdiction of the courts of appeals, which is made exclusive by section 2342(5):

> (a) Except as otherwise provided by an Act of Congress, a proceeding to enjoin or suspend, in whole or in part, a rule, regulation, or order of the Interstate Commerce Commission shall be brought in the court of appeals as provided by and in the manner prescribed in chapter 158 of this title.
>
> (b) The procedure in the district courts in actions to enforce, in whole or in part, any order of the Interstate Commerce Commission other than for payment of money or the collection of fines, penalties, and forfeitures, shall be as provided in this chapter.

28 U.S.C. § 2321(a), (b) (1982).

This court has, in earlier opinions, construed the meaning of these statutory provisions and discussed the origins of this scheme of divided judicial review. *See Humko Prods. Div. of Kraft, Inc. v. Interstate Commerce Comm'n,* 715 F.2d 360 (7th Cir.1983); *Field Container Corp. v. Interstate Commerce Comm'n,* 712 F.2d 250 (7th Cir.1983); *Pullman-Standard, Div. of Pullman Inc. v. Interstate Commerce Comm'n,* 705 F.2d 875 (7th Cir. 1983). We will therefore only briefly summarize here the standards for determining the appropriate court of jurisdiction.

The district courts have jurisdiction to review final orders of the ICC "for the payment of money or the collection of fines, penalties, and forfeitures." 28 U.S.C. § 1336(a). Such orders include those denying reparations as well as those

that require that reparations be paid. *Field Container Corp.,* 712 F.2d at 254. The courts of appeals have jurisdiction to review all other final orders issued by the ICC, including orders that require the payment of money but also involve other types of relief. *Id.; Pullman-Standard,* 705 F.2d at 878 n. 7. Thus, a court of appeals would have jurisdiction to review a case in which the plaintiff sought reparations if the plaintiff also sought, for example, a cease-and-desist order requiring the defendant to alter future behavior. *Humko,* 715 F.2d at 363; *Field Container Corp.,* 712 F.2d at 254–55; *Pullman-Standard,* 705 F.2d at 880.

In the present case, Knauf requested only reparations for alleged overcharges. Knauf did not request a cease-and-desist order to prevent future overcharges. The ICC order to be reviewed includes only a denial of reparations. The district court having the appropriate venue is therefore the proper court of jurisdiction for this appeal. Accordingly, we direct this case to be transferred to the United States District Court for the Southern District of Indiana.